<u>AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT</u>

I, Douglas Brooks, hereby state as follows:

1. The affiant, Sergeant Douglas Brooks, a Task Force Officer with the Drug Enforcement Administration, being first duly sworn, states that there are reasonable and probable grounds to believe that money seized from a parcel shipped by Zain Kareem are proceeds from narcotics trafficking, and/or proceeds used or intended to be used to facilitate a violation of the Controlled Substance Act.

2. I have been a police Officer with the Louisville Metro Police Department since October 2006.  I am currently a Sergeant with LMPD Criminal Investigations Division and have been a Task Force Officer with the US Drug Enforcement Administration since May of 2025.

3. During my career as a law enforcement officer, I have participated in investigations involving illegal drugs. Through my training and experience as a police officer and through contacts with other agencies, I know:

   A. That it is common for the drug traffickers to ship illegal drugs, drug paraphernalia, contraband, proceeds of drug sales via United Parcel Service, United Postal Service, FedEx and other shipping/ mailing services to conceal them from Law enforcement authorities.

   B. That certain states and regions within the United States are source regions for narcotics, narcotics transactions and procurements. The subject parcel was being mailed to California from Florida. Both states have been identified by law enforcement as a known source states for illegal narcotics. As such, controlled substances are frequently transported from the California areas via commercial carrier, and the proceeds from the sale of the controlled substances are frequently returned to the California area via commercial carrier.

   C. That narcotics trafficking is predominately cash based. Currency being sent wire, bank transfer, and or from lending institutions, creates records, a possibility of exposure, and possible seizure. Because of this, narcotics traffickers will utilize other means outside of well-established legal financial practices to avoid detection and possible seizure.

   D. That narcotics traffickers ship currency and narcotics in parcels next and or same day air so they can track their parcel and predict arrival.

   E. That narcotics traffickers will pack parcels carrying currency and narcotics with double box and bag parcels, use excessive tape on the seams, carbon paper, and/or vacuum sealing the currency and/or narcotics in an attempt to conceal odors and detection.

Complaint Attachment A-1

F.  That narcotics traffickers will ship currency and narcotics with little and/or no personal information either for themselves and the receiver or just one of the two in order to obscure the identity of the owner of the parcel.

4.  This affidavit is being in support of civil complaint for forfeiture of $49,000 in United States Currency that was seized from a UPS parcel, as described more fully below.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit does not contain all of the information known, it is intended to show merely that there is sufficient reasonable and probable grounds to believe the $49,000 constitutes proceeds traceable to narcotics trafficking, intended for narcotics trafficking, used or intended to be used to facilitate narcotics trafficking in violation of 21 U.S.C. §§ 841 et seq., and subject to forfeiture under 21 U.S.C. § 881(a)(6).

### Facts of the Case

5.  On January 14, 2026, members of the Louisville Metro Police Department Parcel Interdiction Unit were conducting parcel interdiction at United Parcel Service 911 Grade Ln. Detective Chris Berry located a parcel with tracking #1ZA149T51578837857 being shipped UPS Early Air to Porter Ranch, CA, a known source region of narcotics distribution. Detectives working with the Louisville Metro Police Departments Parcel Interdiction Unit, visually and physically inspected the exterior of the package which revealed characteristics that showed the parcel likely contained narcotics/dangerous drugs or narcotics proceeds.

6.  The label on the parcel showed that it was shipped from Zain Kareem [listed number known but omitted here] and the shipper utilized THE UPS STORE #0787 STE 606 1500 Beville Rd. DAYTONA BEACH, FL 32114 as the shipping address instead of a home address.

7.  The parcel recipient's name listed on the parcel is J Vasquez, with address listed on GARDEN GROVE, CA 91326 (full address known but omitted here), with no listed phone number. Det. Andrew Bratcher queried "CLEAR" for recipient's address listed on the parcel and did not get a match with that name. The address, 10920 Garden Grove CA, 91329, is a residence owned by E.A. (name known but omitted) with no known association with J Vasquez.

8.  A warrant was obtained and upon opening, the parcel showed a second white box with all its seams taped and protected by packing peanuts. Inside the second box was a plastic vacuum bag with 7 individual bindles wrapped in black carbon paper taped closed. Inside the carbon paper was U.S. Currency held together with a rubber band in denominations of $20 and $100, consistent with narcotics trafficking proceeds. The U.S. Currency did not consist of new or newer U.S. bills that come from a bank as they

appeared heavily used and in common rotation, and no bank bands were found in the package The currency totaled $49,000.

9.  The listed parcel was being shipped, UPS Early Air to Porter Ranch California, which is a known source region for narcotics. UPS Early Air is utilized by those attempting to conceal criminal narcotics and/or currency to better predict its arrival and location.

10. The currency was vacuum packed, which is indictive of those attempting to mask orders related to narcotics. The currency was also wrapped in carbon paper which is indicative of those attempting to mask odors and avoid x-ray detection.

11. The recipient of the parcel sent by Zain Kareem is listed as J Vasquez with no additional identifiers. A search of CLEAR for J Vasquez in Porter Ranch CA resulted in negative results. With no additional identifying information for J Vasquez, the affiant  was unable to conduct an NCIC search.

12. According to online Florida Department of State records, the affiant found that Zain Kareem owned and operated at a business named Stoned & Toned Clothing Company in the state of Florida until September 26, 2025, when the LLC was administratively dissolved. The name suggests the business is based on marijuana. The affiant was unable to find a business store front or webpage for sales. CLEAR showed the business as being operated from Zain Kareem's residence. The closest thing the affiant could find was a marijuana-based exercise company that promotes clothing and marijuana-based products.

13. The $49,000 was seized on or about January 14, 2026, and DEA began administrative forfeiture proceedings against the $49,000 and sent notice to Zain Kareem who filed a claim for the money, which was received on or about March 2, 2026.  Zain Kareem claimed to be the owner of the U.S. Currency but did not explain the source of the funds. Attached to his claim, Zain Kareem provided two bank statements in his name and the name of his business Stoned &Toned Clothing Company LLC—the statements were dated September of 2025 and November of 2025.

14. The affiant reviewed the bank statements and found a consistent pattern of cash deposits and withdrawals that are consistent with structuring and/or possible money laundering. The records show approximately 30 withdrawals and deposits from various ATMs, most of which occurred multiple times during a single day This is consistent with moving money in a manner of keeping the amounts below reporting guidelines.  The statements also showed numerous transfers of money between the Stoned & Toned business account, Zain Kareems' other former business, Florida Fitness Health LLC, and his personal account. According to Florida records, the Florida Fitness Health LLC dissolved in 2022.

Complaint Attachment A-3

15. Between September 5, 2025, and September 8, 2025, Zain Kareem withdrew, deposited, and transferred approximately $29,214.00 from his various accounts while in Florida. His last withdrawal was on September 8, 2025, at 1300 hrs. in Daytona Beach Florida. On the same day September 8, 2025, Zain Karrem has an ATM withdrawal for $14,000.00 from his Stoned & Toned account in San Fernando, CA, which is in the same area where he sent the parcel containing $49,000.

16. Between November 11 and 12, 2025, Stoned & Toned Clothing Company had a Zelle payment to Melvin. A review of Zelle records shows 3 payments were made to a business called 80 Proof Records Inc. According to the Florida Secretary of State business records, the business is owned by Melvin Roberts Jr. with an address located on Derbyshire Road Daytona Beach FL, 32117. Mr. Roberts has a previous arrest in Florida as source of supply of narcotics. The three payments were as follows: $4,000, $4,400, and $5,400. Each payment has a memo of "packaging". The affiant knows from training and experience that "packaging" is a common code word that refers to narcotics.

17. Zain Kareem has a criminal history related to narcotics and narcotics trafficking in Florida: Manufacturing, delivering, or possessing with intent to sell a Schedule I controlled substance within 1,000 feet of a specified area (2008), Possession of Cannabis with Intent to Sell, Manufacture, or Deliver (2008), Possessing or Distributing in Excess of 25 pounds of Cannabis, or 300 or more Cannabis Plants (2008). Zain Kareem pleaded guilty to amend charges of Trafficking Cannabis on 06/26/2009.

18. FinCEN records show Currency Transaction Reports (CTRs) for cash deposits and withdrawals over $10,000 were filed on 02/02/2025, 08/28/2025, 11/02/2025. The deposits and withdrawals showed Kareem deposited approximately $36,075 and withdrew approximately $35,020 from the Stoned and Toned Clothing Company LLC bank account.

## CONCLUSION

There is probable cause to believe that the defendant property listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking in violation of 21 U.S.C. §§ 841 and 846 (both facilitating and proceeds thereof), and proceeds intended to be furnished in exchange for controlled substances. Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

DOUGLAS BROOKS (Affiliate)
Digitally signed by DOUGLAS BROOKS (Affiliate)
Date: 2026.05.28 10:45:57 -04'00'

DOUGLAS J. BROOKS, Task Force Officer
Drug Enforcement Administration

Complaint Attachment A-4